UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL A. HORNE,**

 **Plaintiff,**

**v.** **Case No:  8:20-cv-781-T-02AAS**

**MICHAEL CHICK,**

 **Defendant.**

_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Civil Rights Complaint (Doc. 1) filed pursuant to 42 U.S.C. § 1983. Upon review, *see* 28 U.S.C. §§ 1915A(a), (b), Plaintiff has failed to state his claim adequately and will be required to file an Amended Complaint.

First, the complaint is not written on the form required for use by *pro se* litigants to file a civil rights action.  As currently written, the complaint fails to contain much required information.

Second, to the extent Plaintiff sues Pinellas County Sheriff's Officer Michael Chick in his official capacity, he has failed to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A(B). "[A] suit against a public official in his official capacity is considered a suit against the local government entity he represents," *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)), in this case, against Pinellas County.  A municipality or county is not a "person" answerable to Plaintiff in an action at law or a suit in equity under 42 U.S.C. § 1983, unless the actions of the municipality or county rise to the level of a custom or official policy, or if the municipality or county tacitly authorizes the actions or displays deliberate indifference towards the misconduct. *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). In order to attribute liability to Officer

Chick in his official capacity under Section 1983, Plaintiff must allege that "the moving force of the constitutional violation" was an official policy or custom. *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Plaintiff has failed to allege any such policy or custom. Accordingly, the official capacity claim against Officer Chick is dismissed.

Plaintiff also sues Officer Chick in his individual capacity, alleging that there is no evidence of probable cause for his arrest. "A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim." *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990). "The absence of probable cause is an essential element of a § 1983 claim for false arrest upon which the plaintiff bears the burden of proof." *Perez v. Johnson*, No. 6:07-cv-1947, 2008 WL 5122198, at *3 (M.D. Fla. Dec. 5, 2008) (citing *Rankins v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998)). "Probable cause [to arrest] exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949) (brackets in original) (citing *Carroll v. United States*, 267 U.S. 132, 162 (1925)); *Wilson v. Attaway*, 757 F.2d 1227, 1235 (11th Cir. 1985).

Plaintiff alleges that on February 22, 2019, Officer Chick initiated a traffic stop on Plaintiff "for an incomplete stop at 22nd and Seminole Blvd." (Doc. 1 at 2). Plaintiff immediately complied, and

> Officer Chick then requested [a] driver's license, at which time Plaintiff informed Officer Chick of his private citizenship and provided a State Identification card. A brief conversation concerning sovereignty ensued. Plaintiff clarified his status as a secured party creditor, a private citizen rather than declaring sovereignty. Following this conversation, Plaintiff was asked to

> step out of the car.  When FCIC/NCIC notified Officer Chick that
> the license [was] invalid, Plaintiff was arrested, searched and placed
> in a police car.  During the search, Officer Chick discovered illegal
> drugs (synthetic cannabinoids, marijuana and cocaine). The Plaintiff
> was booked and charged with Trafficking synthetic cannabinoids,
> Possession of Marijuana[,] and Possession of Cocaine.

(Doc. 1 at 2–3).  Plaintiff states that he was not charged with the traffic violation, thus he claims

there is no evidence of probable cause for his arrest.

Plaintiff, however, is incorrect. The fact that no traffic citation was issued does not

invalidate the probable cause for a subsequent arrest. For purposes of section 1983, "[i]t is enough

that probable cause exist[ed] to arrest for any crime." *Baysa v. Gualtieri*, 786 F. App'x 941, 944

(11th Cir. 2019) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)) (explaining that "while

the Deputies arrested [the defendant] for disorderly conduct in an establishment and resisting arrest

without violence, probable cause for an arrest for trespass would be enough to bar [the defendant's]

§ 1983 false arrest claim.").

Moreover, because the complaint is missing much of the required information, it is unclear

whether Plaintiff is a pretrial detainee on the drug possession and trafficking charges or whether

he has been convicted of those offenses.  It is also unclear what relief Plaintiff is seeking.  Thus,

Plaintiff must amend his complaint if he desires to proceed in this case.

Accordingly, it is **ORDERED** that:

1.  Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** to file an amended

    complaint **within THIRTY (30) DAYS** from the date of this Order.

    a.  **Plaintiff is advised that failure to fully comply with this Order will result**
        **in the dismissal of this action, for failure to state a claim, without further**
        **notice.**

3

    b.   To amend his complaint, Plaintiff should completely fill out a new civil rights complaint on the form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action; it may not refer back to or incorporate the original complaint. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

2.   Plaintiff has filed this action *pro se*, and he is directed that he must immediately advise the Court of any change of address.  He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it.  This notice shall contain only information pertaining to the address change and the effective date of such.  Failure to inform the Court of an address change may result in the dismissal of this case, without further notice.

3.   The Clerk is **DIRECTED** to mail to Plaintiff, along with this Order, a copy of the standard civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on September 7, 2020.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**Copies furnished to**</u>:
Plaintiff, *pro se*