UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. HORNE,

    Plaintiff,

v.                                                  Case No. 8:20-cv-781-WFJ-AAS

MICHAEL CHICK, *et. al.,*

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Mr. Horne's Amended Civil Rights Complaint (Doc. 17) filed pursuant to 42 U.S.C. § 1983. Upon review, see 28 U.S.C. §§ 1915A(a), (b), Mr. Horne has failed to state his claims adequately, and he will be required to amend his claims if he desires to proceed in this action.

**I.**     **Legal Background**

    a.   Section 1915A

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases and in the denial of a motion to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles*

1

*Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Upon review of a plaintiff's civil rights complaint, a court is required to dismiss any or all claims in the following circumstances:

> (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Additionally, 28 U.S.C. § 1915(e) requires courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Rule 12(b)(6), Fed. R. Civ. P. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)").

The Court must read Mr. Horne's pro se allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

> [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the

2

> plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520–21). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

b. <u>Section 1983</u>

Mr. Horne's claims arise under 42 U.S.C. § 1983. (Doc. 17 at 3). "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a Mr. Horne must allege two elements: "(1) that the act or omission deprived Mr. Horne of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996–97. Thus, Mr. Horne must show the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of his rights. *Id.*

II. **Analysis**

Mr. Horne sues the following four defendants: Officer Michael Chick in his individual and official capacities, Police Chief Anthony E. Holloway in his official

capacity, State Attorney Bernie J. McCabe in his official capacity,[1] and Circuit Judge Joseph Bulone in his individual and official capacities. (Doc. 17 at 3). Mr. Horne is seeking monetary damages from each named defendant and additionally requests the criminal judgment against him be vacated. (Doc. 17 at 5).

Mr. Horne fails to state a claim against Officer Chick. Mr. Horne alleges that on February 22, 2019, Officer Chick initiated a traffic stop on Plaintiff for "an incomplete stop at a stop sign." (Doc. 17 at 15). Mr. Horne immediately complied and provided his State identification to Officer Chick. (Doc. 17 at 15). Upon discovering the invalidity of Mr. Horne's license, Officer Chick informed Mr. Horne that he was being arrested for driving without a license. (Doc. 17 at 15). When Mr. Horne stepped out of the car,

> [he was] cuffed and patted down, a small bag of marijuana was discovered in [his] pocket. [Mr. Horne] was placed in the patrol car and Officer Chick proceeded to search [Mr. Horne's] vehicle. A sports bag was located containing synthetic cannabinoids, marijuana and cocaine.
>
> [Mr. Horne] was taken to Pinellas County jail and booked for: Trafficking in synthetic cannabinoids; possession of marijuana[;] driving [with a suspended

---

[1] The Court takes judicial notice, *see* Fed. R. Evid. 201, of the fact that the current State Attorney for Florida's Sixth Judicial Circuit, serving Pasco and Pinellas Counties, is Bruce Bartlett. Mr. Bartlett is, accordingly, substituted for Mr. McCabe. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

license]; and possession of cocaine.

Doc. 17 at 15–16). Plaintiff alleges a violation of his Fourth Amendment rights due to Officer Chick's search of the vehicle without a warrant or probable cause. (Doc. 17 at 16). However, based on the facts alleged, Mr. Horne alleges no Fourth Amendment violation, and the individual capacity search and seizure claim against Officer Chick must be dismissed.

The Fourth Amendment generally requires law enforcement to obtain a warrant prior to a search but there are a number of exceptions to this rule. *United States v. Watts*, 329 F.3d 1282, 1284 (11th Cir. 2003). One such exception permits a warrantless search of a vehicle and any containers inside when the officer has probable cause to believe the vehicle contains "contraband or evidence of a crime." *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir. 2005). A warrantless search of a vehicle does not violate the Fourth Amendment where (1) the vehicle was "readily mobile" and (2) probable cause supports the belief that the vehicle contained "contraband or evidence of a crime." *United States v. Lanzon*, 639 F.3d 1293, 1299–1300 (11th Cir. 2011). Here, there is no question the vehicle was mobile because the Mr. Horne was driving it when he was stopped by Officer Chick. Further, the search was supported by probable cause because Officer Chick found marijuana on Mr. Horne's person when he arrested Mr. Horne for driving without a

5

license.

Even if Mr. Horne had properly alleged a Fourth Amendment violation for unlawful search and seizure, his claim may be barred by *Heck v Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages in a Section 1983 case based on unlawful conduct causing an unlawful conviction can only be brought if the plaintiff shows the conviction at issue was reversed, expunged, invalidated, or called into question by a writ of habeas corpus. *Id.*, 512 U.S. at 486–87. Absent such a showing, a claim should be dismissed. *Id.* Here, the subject of Mr. Horne's claim against Officer Chick is the unlawful search and seizure of contraband in his vehicle that led to his conviction in state court. (Doc. 17 at 4, 16). Mr. Horne makes no showing that the underlying conviction has been called into question as required by *Heck*. If Mr. Horne is successful in the present action against Officer Chick, his state court conviction would be directly undermined.

To the extent Mr. Horne sues Officer Chick in his official capacity, he has, again, failed to state a claim. "[A] suit against a public individual in his official capacity is considered a suit against the local government he represents." *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). A municipality or county is not a "person" answerable to Plaintiff in an action at law or a suit in equity under Section1983, unless the

actions of the municipality or county rise to the level of a custom or official policy, or if the municipality or county tacitly authorizes the actions or displays deliberate indifference towards the misconduct. *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). To state an official capacity claim, a plaintiff must allege that "the moving force of the constitutional violation" was an official policy or custom. *Vineyard v. County of Murray Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)).

Mr. Horne alleges that, "under color of Florida Statutes and/or ordinances, custom or policy to the police department" (Doc. 17 at 12), Officer Chick failed to consult with his supervisor regarding the procedure for a traffic stop of a private citizen. However, Mr. Horne fails to describe any such custom or policy, and the amended complaint contains no facts showing how Officer Chick's failure to consult with his supervisor constituted a policy or procedure of the police department. As such, the claim against Officer Chick in his official capacity is dismissed.

Next, Mr. Horne sues Chief Anthony E. Holloway in his official capacity for failure to train subordinates and failure to investigate. (Doc. 17 at 5). As Mr. Horne fails to state a Fourth Amendment violation for warrantless search and seizure, he cannot demonstrate a failure to train in that regard.

Mr. Horne's failure to investigate claim against Chief Holloway is also

7

without merit. Mr. Horne claims Defendant Holloway "failed to record any training or reprimand of Officer Michael Chick." (Doc. 17 at 17). However, as explained, Mr. Horne has not demonstrated that Officer Chick's actions were constitutionally deficient. Moreover, a claim for failure to investigate is not cognizable under Section 1983. *See, e.g.*, *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("[O]ur cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."). Thus, the failure to train and failure to investigate claims against Defendant Holloway are dismissed.

As for Mr. Horne's allegations against substituted Defendant State Attorney Bruce Bartlett in his official capacity, these also fail to state a claim on which relief may be granted. Prosecutors have absolute immunity against Section 1983 claims for activities "intimately associated with the judicial phase of the criminal process." *Fullman v. Graddick*, 739 F.2d 533, 558 (11th Cir. 1984). Further, Section 1983 permits claims against any "person" acting under color of law who deprives another of their constitutional rights. 42 U.S.C. § 1983. In Florida, the State Attorney is considered an "arm of the state." *See Scheider v. Leeper*, Case No. 3:15-cv-364-J-34JRK, 2016 WL 916557, at *3 (M.D. Fla. Mar. 10, 2016) (collecting cases).

Government officials that are considered "arms of the State" do not qualify as "persons" subject to liability under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Since Defendant Bartlett, in his official capacity, is not a considered "person" under the statute, he cannot be subject to liability under Section 1983. Accordingly, the claims against Defendant Bartlett are dismissed.

Mr. Horne sues Judge Bulone in his individual and official capacities. However, the Eleventh Amendment bars suits for damages against a state in federal court, and this applies to suits against state officials — including Judge Bulone — in their official capacities. *Graham*, 473 U.S. at 169; *see also Wusiya v. City of Miami Beach*, 614 F.App'x 389, 393–94 (11th Cir. 2015) (affirming district court's decision that Florida state attorney and Florida judge were immune for 1983 claim for monetary damages based on actions taken in their official capacities). Moreover, absolute judicial immunity bars Mr. Horne's individual capacity claim against Judge Bulone. *See Cinotti v. Adelman*, 709 F.App'x. 39, 41 (11th Cir. 2017) (holding absolute judicial immunity barred 1983 suit for monetary damages against state judge in his individual capacity).

With regard to Mr. Horne's request to vacate his criminal sentence, he does not seek relief that can be granted under Section 1983. The proper avenue for state prisoners to challenge their incarceration in federal court is by writ of habeas corpus.

*Presier v. Rodriguez*, 411 U.S. 475, 500 (1973).

Finally, the Court notes that the Amended Complaint is replete with references to, among other things, Mr. Horne's purported "dual/multi-citizenship," his status as a "bona fide trustee" and "secured party," the Uniform Commercial Code, contracts, financial statements, acquiring assets to prevent default, the sale of property, administrative remedies, and an "unsatisfied judgment/lien." To the extent that these references are an attempt to state a claim for some form of relief, the attempt fails. Although Mr. Horne does not specifically identify himself as a "sovereign citizen," the identified references appear to relate to a sovereign citizen theory. The Eleventh Circuit has noted that sovereign citizen and other related legal theories have been repeatedly rejected as frivolous. *See, e.g.*, *Trevino v. Fla.*, 687 F. App'x 861, 862 (11th Cir. 2017) (collecting cases); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Perkins*, No. 1::10-cr-97-1-JEC-LTW, 2013 WL 3820716, at *1-2 (N.D. Ga. July 23, 2013) (noting sovereign citizen defendants "typically file[] lots of rambling, verbose" pleadings that "rely heavily on the Uniform Commercial Code" and other commercial statutes).

Accordingly, it is **ORDERED** that:

1. The Clerk is directed to substitute State Attorney Bruce Bartlett for Bernie McCabe on the docket, pursuant to Fed. R. Civ. P. 25(d);

2. As to the claims against Judge Bulone and State Attorney Bartlett, the Amended Complaint is (Doc. 17) is **DISMISSED with prejudice**, for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A(b)(1). The Clerk is directed to enter judgment in favor of Judge Bulone and State Attorney Bartlett and terminate their status as defendants on the docket;

3. As to the claims against Officer Chick and Chief Holloway, the Amended Complaint (Doc. 17) is **DISMISSED without prejudice** for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A(b)(1);

4. Mr. Horne may file a second amended complaint within **TWENTY-ONE (21) DAYS** of this order relating to his claims against Officer Chick and Chief Holloway;

    a. To amend his complaint, Mr. Horne should completely fill out a new civil rights complaint. On the new form, he must mark it as "Second Amended Complaint." The second amended complaint must include all of Mr. Horne's claims in this action; it may not refer back to or incorporate any prior pleadings.

    b. The second amended complaint supersedes the prior pleadings, and all claims must be raised in the second amended complaint.

    **c. The second amended complaint must be <u>received</u> by the Court (<u>not merely mailed</u>) within twenty-one days of this order. If the second amended complaint is not timely filed in compliance with this order, judgment will be entered and the case will be closed without further notice.**

5. The Clerk is **DIRECTED** to mail to Plaintiff Horne, along with this order, a copy of the standard civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE