UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. HORNE,

    Plaintiff,

v.                                  Case No: 8:20-cv-781-WFJ-AAS

MICHAEL CHICK and ANTHONY
E. HOLLOWAY,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Mr. Horne's Second Amended Civil Rights Complaint (Doc. 22), filed pursuant to 42 U.S.C. § 1983. Upon review, see 28 U.S.C. § 1915A, because Mr. Horne's claims are either barred by the Supreme Court's holding in *Heck v Humphrey*, 512 U.S. 477 (1994) or are insufficiently pleaded, the Second Amended Complaint is dismissed.

**I.    Background**

The Court previously dismissed with prejudice the Amended Complaint (Doc. 17) as to the claims against Judge Bulone and State Attorney Bartlett. (Doc. 20). However, the claims against Officer Chick and Chief Holloway were dismissed without prejudice, and the Court permitted Mr. Horne one final

opportunity to file a pleading that states a claim against Officer Chick and Chief Holloway. (*Id.*).

## II. Analysis

In the Second Amended Complaint, Mr. Horne sues Officer Michael Chick in his individual and official capacities, Police Chief Anthony E. Holloway in his official capacity, State Attorney "Bernie J. McCabe (Bruce Bartlett)"[1] in his individual and official capacities, and Circuit Judge Joseph Bulone in his individual and official capacities. (Doc. 22 at 3).

The Court previously dismissed *with prejudice* Mr. Horne's claims against State Attorney Bruce Bartlett in his official capacity and Judge Bulone in his individual and official capacities. Thus, those claims may not proceed in this Court and are dismissed.

Mr. Horne's new attempt to state a claim against Mr. Bartlett in his *individual* capacity also fails. Prosecutors have absolute immunity against Section 1983 claims for damages for activities "intimately associated with the judicial phase of the criminal process." *Fullman v. Graddick*, 739 F.2d 553, 558 (11th Cir. 1984); (*see* Doc. 20 at 8). Therefore, Mr. Horne's individual capacity claim against Mr. Bartlett is also dismissed.

---

[1] The Court takes judicial notice, *see* Fed. R. Evid. 201, of the fact that the current State Attorney for Florida's Sixth Judicial Circuit is Bruce Bartlett. Mr. Bartlett is, therefore, substituted for Mr. McCabe. *See* Fed. R. Civ. P. 25(d).

Mr. Horne's claims against Officer Chick were previously dismissed both for failure to state a claim and as barred by the Supreme Court's decision in *Heck v Humphrey*, 512 U.S. 477 (1994). (Doc. 20 at 5–7). Mr. Horne, again, fails to show that the underlying conviction was reversed, expunged, invalidated, or called into question by a writ of habeas corpus. Thus, because the state court conviction would be directly undermined if Mr. Horne were to succeed on his claims against Officer Chick, the claims against Officer Chick are dismissed without prejudice, to be raised again only if and when Mr. Horne can demonstrate that the underlying conviction was called into question as required by *Heck*.

The Court previously dismissed Mr. Horne's failure to train and investigate claims against Chief Holloway in his official capacity for failure to state a claim. (Doc. 20 at 7–8). The Court explained that Mr. Horne did not state a constitutional violation for warrantless search and seizure of vehicle, because, on the facts alleged, the vehicle was mobile and probable cause supported the belief that the vehicle contained contraband or evidence of a crime. Therefore, there was no failure to train or supervise in that regard. *See United States v. Lanzon*, 639 F.3d 1293, 1299–1300 (11th Cir. 2011); (Doc. 20 at 5–7). Further, the Court explained that a claim for failure to investigate is not cognizable under § 1983. *See, e.g., DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989); (Doc. 20 at 8).

Plaintiff Horne again attempts to assert a claim for failure to train or supervise against Chief Holloway. (Doc. 22 at 13). However, Mr. Horne alleges that Officer Chick pulled him over for failing to stop at a stop sign and, ultimately, arrested him for driving without a license. Before placing Mr. Horne in the patrol car, Officer Chick searched Mr. Horne and discovered a small bag of marijuana. Mr. Horne was then placed in the patrol car and Officer Chick proceeded to search Mr. Horne's vehicle. (Doc. 22 at 15).

On these facts, the Second Amended Complaint still demonstrates that the vehicle was mobile and that probable cause supported the belief that the vehicle contained contraband or evidence of a crime. Thus, Mr. Horne has not sufficiently pleaded an unconstitutional search, and there can be no claim against Chief Holloway for failure to properly train or supervise Officer Chick (either before or after the events at issue) about the proper procedures for searches and seizures during traffic stops. Mr. Horne's official capacity claims against Chief Holloway for failure to train and supervise are dismissed.

Accordingly, it is **ORDERED** that:

1. Plaintiff Horne's claims in the Second Amended Complaint against Officer Chick are **DISMISSED without prejudice** as *Heck*-barred; Mr. Horne may raise the claims again in a new case with a new case

number only if and when he can demonstrate that the underlying conviction was called into question as required by *Heck*.

2. The remaining claims in the Second Amended Complaint are **DISMISSED with prejudice**;

3. The Clerk is directed to terminate any pending motions, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE